**Albert Frederick NUSSBAUM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23811.**

United States Court of Appeals,
Ninth Circuit.

April 23, 1971.

Albert F. Nussbaum, in pro. per.

Robert L. Meyer, U. S. Atty., Robert L. Brosio, Chief, Crim. Div., Tom G. Kontos, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Nussbaum appeals from an order dismissing his petition for relief under 28 U.S.C. § 2255.

Nussbaum was convicted for carrying and possessing in interstate commerce a Thompson submachine gun that had not been registered in accordance with 26 U.S.C. §§ 5851 and 5854. In the only argument of substance in his petition, Nussbaum contends that Haynes v. United States ((1968) 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923) compels his release. *Haynes* held that the registration provisions of section 5851 are self-incriminatory and that failure to comply with them cannot be criminally punished.

*Haynes* would compel vacation of Nussbaum's conviction if it were to be given retrospective application. But in Mackey v. United States (1971) 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed. 404, the Supreme Court held that Marchetti v. United States (1968) 390 U.S. 39, 88 S. Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States (1968) 390 U.S. 62, 88 S. Ct. 709, 19 L.Ed.2d 906, the companion

---

cases of *Haynes* raising the same self-incrimination issue, would apply only to prosecutions commenced after the date those decisions were announced. Nussbaum's prosecution antedated the pronouncement of *Haynes*.

The order is affirmed.